IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Gillon,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Gloria Glisson;<br>United States of America;<br>Taxpayers for Account 53-0197081,<br><br>　　　　　　　　Defendants.<br>_____ | C/A No. 3:11-1582-JFA-PJG<br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

The plaintiff, Phillip Gillon, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is a resident of Bishopville in Lee County, South Carolina. Defendant Gloria Glisson is a resident of Charlotte, North Carolina. Plaintiff does not disclose the occupation of Defendant Gloria Glisson. Plaintiff has brought suit against Defendant Glisson, the United States of America, and the "Taxpayers for Account 53-0197081." In the Complaint, Plaintiff states that Defendant Glisson, a federal contractor, "sold" him a "contract" for $892,278.25 (ECF No. 1, at page 4). This contract allegedly entitles Plaintiff to payment of the funds controlled by the Administrative Office of United States Courts or the United States Court of Federal Claims.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction,

there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

Plaintiff names as defendants "Taxpayers" for a certain account that he identifies by Federal Employer Identification Number. Despite the cryptically drafted pleading, the plaintiff essentially seeks recovery from the Administrative Office of the United States Courts and the United States Court of Federal Claims. However, the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against

PJG

the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). Even if this case is treated as a Bivens action,[1] a Bivens action may not be brought against agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Secondly, even if this case is treated as one brought under the Federal Tort Claims Act ("FTCA"), the United States, the Administrative Office of United States Courts, and the United States Court of Federal Claims are entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001); see also Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975).[2] Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

There is no indication that Plaintiff has filed an administrative claim with the appropriate federal agency. Under the FTCA, "the requirement of filing an administrative

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[2] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986) (cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000)).[3]  An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2.  Since the Complaint does not show that Plaintiff has submitted an administrative claim to the appropriate federal agency this case should be dismissed for lack of jurisdiction.

Insofar as Plaintiff is seeking relief with respect to a contract involving the United States, Plaintiff has filed this case in the wrong court.  Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to hear plaintiff's claims:  "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  Moreover, since Plaintiff is seeking $892,278.25, the United States District Court lacks concurrent jurisdiction with the Court of Federal Claims because the requested amount exceeds ten thousand dollars ($10,000).   See 28 U.S.C. § 1346(a)(2); Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48 (1988).

> It is often assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000.  (Title 28 U.S.C. § 1346(a)(2) expressly authorizes concurrent jurisdiction in the district courts and the Claims Court for claims under $10,000.)  That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court.

---

[3]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court.  28 U.S.C. § 2401(b).



> Rather, that court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.

Bowen v. Massachusetts, 487 U.S. at 910 n.48.[4] Thus, any relief sought by Plaintiff on the federal contract allegedly purchased from Defendant Glisson must be brought in the United States Court of Federal Claims. Serra v. U.S. General Servs. Admin., 667 F. Supp. 1042, 1050 (S.D.N.Y. 1987) ("Plaintiff is correct in his observation that specific performance on a government contract is not available in the district court."), aff'd, 847 F.2d 1045 (2d Cir. 1988).[5]

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 29, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[4] At the time Bowen v. Massachusetts was decided, the United States Court of Federal Claims was referred to as the "Claims Court."

[5] In the above-captioned case, Plaintiff seeks a jury trial. Jury trials are not available in the United States Court of Federal Claims. Nat'l Food & Beverage Co., Inc. v. United States, 96 Fed. Cl. 258, 269 n.11 (Fed. Cl. 2010) ("The government is correct that this court cannot hold jury trials.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).